IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cr-00157-RAH |
| | ) | |
| CARMEN RAMER DAVIS | ) | |

**UNITED STATES OF AMERICA'S MOTION
FOR FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby moves for a Forfeiture Money Judgment against the defendant in the amount of $133,579.21, representing the proceeds she obtained as the result of the offenses in violation of 18 U.S.C. § 1343 (wire fraud) as charged in the Indictment. (Doc. 1).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the court include the forfeiture when orally pronouncing the sentence and in the written judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000). The United States further asks that the Forfeiture Money Judgment become final as to the defendant at the time it is entered.

In support of its motion, the United States submits the following:

**MEMORANDUM OF LAW**

A.  **Statement of facts**

   1.  **Allegations against the defendant**

On May 17, 2022, an eight-count Indictment was returned against the defendant charging wire fraud in violation of 18 U.S.C. § 1343. (Doc. 1). The Indictment contained a forfeiture allegation putting the defendant on notice that if convicted of wire fraud, the United States would

seek all proceeds obtained as a result of the said offenses including, but not limited to, a Forfeiture Money Judgment in the amount of $133,579.21.

### 2. Findings of guilt and admissions of fact

On November 29, 2022, the defendant pled guilty to Counts 1-8 of the Indictment. The defendant admitted to the allegations in Counts 1-8 of the Indictment and admitted that she understood the nature of the charges to which her plea was offered involved proof that she committed the crime of wire fraud in violation of 18 U.S.C. § 1343. The actions of the defendant were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, or any other innocent reason.

### B. Applicable Law

The United States is entitled to a Forfeiture Money Judgment against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and Federal Rule of Criminal Procedure 32.2.

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that, where the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court in calculating a forfeiture money judgment is free to consider uncharged conduct involving the same fraud scheme. *See United States v. Holland,* 722 Fed. Appx. 919 (11th Cir. 2018).

Because the United States could not locate specific property constituting or derived from the proceeds the defendant received from the offenses in violation of 18 U.S.C. § 1343 (wire fraud), it seeks a Forfeiture Money Judgment in the amount of $133,579.21 against the defendant pursuant

to Federal Rule of Criminal Procedure 32.2(b)(2), representing the total of all proceeds obtained from the fraud scheme. If the court finds that she obtained $133,579.21 as a result of the wire fraud for which she has pled guilty, then it is appropriate for the court to enter a Forfeiture Money Judgment against the defendant in that amount pursuant to Rule 32.2(b)(2).

**C.     Conclusion**

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the court enter a Forfeiture Money Judgment against the defendant in the amount of $133,579.21.

The United States further requests that the court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment.

Respectfully submitted this 9th day of December, 2022.

/s/Russell T. Duraski
RUSSELL T. DURASKI
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Facsimile: (334) 223-7106
E-mail: Russell.Duraski@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cr-00157-RAH |
| | ) | |
| CARMEN RAMER DAVIS | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Russell T. Duraski
RUSSELL T. DURASKI
Assistant United States Attorney